[Cite as *State v. Stewart*, 2011-Ohio-181.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                           :
                                         :
    Plaintiff-Appellee,                  : Case No. 09CA33
                                         :
    vs.                                  : **Released: January 13, 2011**
                                         :
BRANDON T. STEWART,                      : DECISION AND JUDGMENT
                                         : ENTRY
    Defendant-Appellant.                 :
_____

APPEARANCES:

Warren N. Morford, Jr., South Point, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and Jeffrey M. Smith, Lawrence County Assistant Prosecutor, Ironton, Ohio, for Appellee.
_____

McFarland, P.J.:

{¶1} Defendant-Appellant, Brandon T. Stewart, appeals the decision of the Lawrence County Court of Common Pleas that found him guilty of violating the terms of his previously-imposed community control sanctions and that sentenced appellant to a three-year prison term to be served consecutively to a prison sentence appellant received in a different case. Appellant's counsel, after reviewing the record, states he can find no

meritorious claim for appeal and, pursuant to *Anders v. California,* requests permission to withdraw from the case. However, counsel presented one potential assignment of error for us to consider. Counsel suggests that the trial court erred by sentencing appellant to consecutive prison terms. Because we find this potential assignment of error to be wholly frivolous, we grant counsel's request to withdraw and affirm the decision of the trial court.

I.

FACTS

{¶2} On October 1, 2008, the trial court convicted appellant of burglary, in violation of R.C. 2911.02(A)(3), and of theft of a dangerous drug, in violation of R.C. 2913.02(A)(1). The court sentenced appellant to concurrent prison terms of four years for the robbery offense and of seventeen months for the theft of dangerous drug offense. On February 9, 2009, the court granted appellant judicial release.

{¶3} On September 20, 2009, appellant committed new criminal offenses. At a November 4, 2009 hearing, appellant waived presentment of the charges to a grand jury and agreed to proceed under a bill of information.[1]

---

[1] The burglary and resisting arrest charges were assigned a new case number, 09CR289. The trial court appears to have combined the plea and sentencing hearing for that case number with the case number that gives rise to the instant appeal, 08CR285. We further note that appellant filed a notice of appeal under case number 09CR289, but it apparently was dismissed for failure to prosecute.

{¶4} On November 18, 2009, the court held a hearing regarding the alleged community control violations that apparently occurred as a result of appellant's new criminal offenses and also held a plea and sentencing hearing regarding the new charges. The state recited that the parties had reached a plea agreement that provided appellant would serve three years in prison for the community control violation to be served consecutively to a three-year sentence on the new burglary charge, to be served concurrently to a sixty-day jail term on the new resisting arrest charge. Appellant's counsel indicated that the prosecutor accurately recited the plea agreement. The court then sentenced appellant in accordance with the plea agreement. The court further informed appellant that it would entertain a motion for judicial release after appellant serves four years.

II.

*Anders* Brief

{¶5} Appellant's counsel has filed an *Anders* brief in this action. Under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel may ask permission to withdraw from a case when counsel has conscientiously examined the record, can discern no meritorious claims for appeal, and has determined the case to be wholly frivolous. Id. at 744; *State v. Adkins,* Gallia App. No. 03CA27, 2004-Ohio-3627, at ¶8. Counsel's

request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. *Anders*, 386 U.S. at 744; *Adkins* at ¶8. Further, counsel must provide the defendant with a copy of the brief and allow sufficient time for the defendant to raise any other issues, if the defendant chooses to do so. Id. Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. Id. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Anders*, 386 U.S. at 744; *State v. Duran,* Ross App. No. 06CA2919, 2007-Ohio-2743, at ¶7.

{¶6} In the current action, Appellant's counsel concludes the appeal is wholly frivolous and has asked permission to withdraw. Pursuant to *Anders,* counsel has filed a brief raising one potential assignment of error for this court to consider.

III.

Potential Assignment of Error

> "The defendant/appellant, Brandon T. Stewart, may assert as an
> assignment of error, that, according to *State v. Foster*, 2006-
> Ohio-856, the trial court failed to conduct the requisite judicial
> fact finding prior to imposing sentences beyond the minimum,
> concurrent sentences dictated or mandated by the Ohio
> statutory sentencing scheme and a jury verdict alone, or as in
> this case, an admission to violation of community control
> sanctions and guilty pleas to a two (2) count Bill of
> Information.  Stewart would assert that the *Foster* Court
> invalidated R.C. 2929.14(B)(2), (C) and (E)(4) as violative of
> the Federal Sixth Amendment Rights.  These constitutionally
> infirm Code sections required impermissible judicial fact-
> finding in order to impose sentences beyond the minimum,
> concurrent sentences authorized by the jury verdict alone."

## IV.

## ANALYSIS

{¶7} We agree with appellant's counsel that an appeal based upon the trial court's imposition of consecutive sentences would be wholly frivolous. Appellant's potential assignment of error asserts that the trial court failed to comply with R.C.2929.14 prior to imposing consecutive sentences. Appellant contends that the statute requires the trial court to enter certain findings before imposing a consecutive sentence.  However, the Ohio Supreme Court has flatly rejected this argument.  See *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.  Sentencing courts are "no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  Id.  "*Foster's* result was to sever the portions of the

statute that required judicial fact-finding to warrant a sentence beyond the minimum term * * *." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶11. Thus, a court need not "provide any reasons in imposing its sentence." Id. at ¶12. As the *Kalish* court explained:

> "[W]hen imposing consecutive sentences prior to *Foster,* the trial court had to find that the sentence was necessary to protect the public and was not disproportionate to the seriousness of the offense and the danger the defendant posed to the public. R.C. 2929.14(E)(4). After *Foster,* a trial court can simply impose consecutive sentences, and no reason need be stated. Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under R.C. 2953.08(G)(2)."

Id.

{¶8} Our independent review of the record reveals no meritorious issues for appeal.[2] Accordingly, we hereby grant counsel's motion to withdraw and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

---

[2] We observe at the sentencing hearing the trial court advised appellant that it would entertain a motion for judicial release after appellant serves four years. However, it does not appear that appellant would be eligible to file a motion for judicial release until he serves at least five years. The trial court sentenced appellant to two, three-year prison terms to be served consecutively, for a total of six years. Six years is his "stated prison term." See R.C. 2929.01(FF). R.C. 2929.20(C)(3) does not permit an offender with a six-year stated prison term to file a motion for judicial release until the offender serves at least five years. Because the trial court's statement regarding judicial release appears gratuitous and did not induce appellant to plead guilty (as it occurred during sentencing and after appellant had entered his guilty pleas), we have determined that the court's apparent misstatement would not provide a meritorious ground for appeal.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
        Matthew W. McFarland
        Presiding Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**