[Cite as *State v. Croskey*, 2018-Ohio-2078.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017 CA 0102 |
| ANTONIO CROSKEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2016 CR 0580


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 24, 2018


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GARY BISHOP                             ANTONIO CROSKEY
PROSECUTING ATTORNEY                    PRO SE
JOSEPH C. SNYDER                        P.O. Box 8107
ASSISTANT PROSECUTOR                    Mansfield, Ohio  44901
38 South Park Street
Mansfield, Ohio  44902

*Wise, John, P. J.*

{¶1}   Defendant-Appellant Antonio G. Croskey appeals the decision of the Court of Common Pleas, Richland County, denying his post-sentence motion to withdraw guilty plea. Plaintiff-Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows:

{¶2}   On September 7, 2016, appellant was indicted by the Richland County Grand Jury on five felony counts of trafficking in heroin (under various subsections of R.C. 2925.03(A) and (C)), one felony count of possession of heroin (R.C. 2925.11(A)/(C)(6)(e)), and two misdemeanor counts of endangering children (R.C. 2919.22(A)).

{¶3}   On March 17, 2017, appellant appeared with counsel before the trial court and, pursuant to a plea deal, entered a plea of guilty to the charges in the indictment in exchange for the State recommending a total prison term of ten years.

{¶4}   Appellant was thus sentenced on April 28, 2017 to a total of ten years in prison, with the trial court in particular merging Count 5 (possession of heroin, R.C. 2925.11(A)/(C)(6)(e), a first-degree felony) into Count 6 (trafficking in heroin, R.C. 2925.03(A)(2)/(C)(6)(f), also a first-degree felony), and running the remaining sentences on Counts 1, 2, 3, 4, 7, and 8 concurrently.  A written sentencing entry was issued on May 8, 2017.[1]

{¶5}   On November 6, 2017 appellant filed a *pro se* motion to withdraw his guilty plea, relying on Crim.R. 32.1. He attached his own affidavit in support.

---

[1]   The briefs before us, as well as the indictment and the transcript of the plea hearing, all indicate Count 5 was a charge of heroin possession.  However, the written entry sets forth Count 5 as "trafficking in drugs."

{¶6} On November 17, 2017, the trial court issued a judgment entry denying the motion to withdraw guilty plea. On the same day, the trial court issued a *nunc pro tunc* sentencing entry, apparently to remove earlier language that the entire prison sentence had been a joint recommendation.

{¶7} Appellant filed a notice of appeal on December 13, 2017. He herein raises the following sole Assignment of Error:

{¶8} "I. THE TRIAL COURT ABUSED ITS DESCRETION [SIC] WHEN IT DENIED MR. CROSKEY'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO CRIM.R. 32.1 DUE TO TRIAL COUNSEL'S FAILURE TO OBJECT TO INACCURATE AND MISLEADING INFORMATION WHICH INFLUENCED MR. CROSKEY TO SIGN A PLEA AGREEMENT THAT WAS UNFULFILLABLE BY STATUTE."

I.

{¶9} In his sole Assignment of Error, appellant contends the trial court abused its discretion in denying his post-sentence motion to withdraw his March 17, 2017 guilty plea. We disagree.

{¶10} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶11} A Crim.R. 32.1 motion is not a collateral challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13. Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its

discretion. *See State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. In deciding a motion to withdraw a guilty plea, the trial court has the discretion to determine the good faith, credibility and weight of the movant's assertions. *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶ 21 (citations omitted).

**{¶12}** Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *See State v. Dalton,* 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶ 18. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* Licking App. No. 09–CA–132, 2010–Ohio–2566, ¶ 60. Furthermore, "* * * if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States* (C.A.9, 1963), 315 F.2d 667.

**{¶13}** R.C. 2925.03(C)(6)(f) states as follows: "If the amount of the drug involved equals or exceeds five hundred unit doses but is less than one thousand unit doses or equals or exceeds fifty grams but is less than one hundred grams and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in heroin is a felony of the first degree, and the court *shall impose as*

*a mandatory prison term* one of the prison terms prescribed for a felony of the first degree." (Emphasis added).[2]

**{¶14}** In turn, R.C. 2929.14(A)(1) states, with various exceptions, that "[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years."

**{¶15}** Appellant essentially maintains that despite the language of R.C. 2925.03(C)(6)(f), *supra*, his trial counsel assured him that he could obtain judicial release in three years, thus inducing him to plead guilty, and that this was an adequate basis allowing a withdrawal of his plea.

**{¶16}** We note the trial court, in its 2017 plea colloquy, stated the following in reference to Counts 5 and 6: "Again, they merge, only one sentence, but it's the same sentence. It has a mandatory prison sentence of anywhere between three years up to eleven years in prison." Plea Tr. at 10. The trial court then asked appellant if he understood "the maximum for those two counts." *Id.* Appellant replied in the affirmative. *Id.*

**{¶17}** A trial court is not required to inform a defendant about his or her eligibility for judicial release unless it is incorporated into a plea bargain. *See State v. Aguilar*, 9th Dist. Wayne No. 10CA0051, 2011-Ohio-6008, ¶ 12. Furthermore, appellant's claim in the case *sub judice* is based solely on his own statements in the affidavit supporting his motion to withdraw the guilty plea. Generally, a self-serving affidavit or statement is

---

[2]   Appellant was indicted in Count 6 under the language of an earlier version of R.C. 2925.03(C)(6)(f), which utilized a range of equal to or exceeding five hundred unit doses but less than two-thousand five-hundred unit doses or equal to or exceeding fifty grams but less than two-hundred-fifty grams. This change does not appear to impact the issue presently before us.

insufficient to demonstrate manifest injustice. *State v. Hutchison*, 5th Dist. Licking No. 16-CA-108, 2018-Ohio-200, ¶ 38, citing *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 20.

{¶18} We also note that the length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. *See State v. Copeland–Jackson,* 5th Dist. Ashland No. 02COA018, 2003–Ohio–1043, ¶ 7. In this instance, it appears appellant should have been aware almost immediately upon sentencing that he had received a prison term of ten years mandatory vis-à-vis what his trial counsel had allegedly told him regarding potential judicial release. However, his Crim.R. 32.1 motion was not forthcoming for more than six months after he was sentenced.

{¶19} Accordingly, we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea, and we thus find the trial court did not err or abuse its discretion in denying appellant's motion to withdraw his guilty plea.

**{¶20}** Appellant's sole Assignment of Error is therefore overruled.

**{¶21}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J., concur.

JWW/d 0510