[Cite as *State v. Manning*, 2024-Ohio-1964.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30985 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK MANNING | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 91 CRB 04434 |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2024

SUTTON, Judge.

{¶1} Defendant-Appellant, Mark Manning, appeals from the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2} In 1991, Mr. Manning pleaded no contest to one count of domestic violence. He completed his sentence and paid the associated fine and costs.

{¶3} In 2023, Mr. Manning moved to withdraw his plea. He claimed he had entered his plea without the advice of counsel and without knowledge that it subjected him to a firearms disability. The State opposed Mr. Manning's motion, and he filed a reply. Upon review of the filings, the trial court denied the motion.

{¶4} Mr. Manning now appeals from the trial court's judgment and raises three assignments of error for review. For ease of analysis, we consolidate his assignments of error.

II.

## ASSIGNMENT OF ERROR I

**[MR. MANNING'S] PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY MADE[.]**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 11(E) WHEN TAKING [MR. MANNING'S] NO CONTEST PLEA[.]**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED WHEN IT FAILED TO PERMIT [MR. MANNING] TO WITHDRAW HIS PLEA[.]**

{¶5} In his assignments of error, Mr. Manning argues the trial court abused its discretion by denying his post-sentence motion to withdraw his plea. For the following reasons, this Court rejects his arguments.

{¶6} A defendant who has pleaded no contest may seek to withdraw his plea after sentencing "to correct manifest injustice * * *." Crim.R. 32.1. "A manifest injustice has been defined as a "'clear or openly unjust act.'" *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). It only allows for the withdrawal of a plea "'in extraordinary cases.'" *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 9, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). A movant must show "that a fundamental flaw in the proceedings caused a miscarriage of justice or resulted in proceedings that did not comport with the constitutional demands of due process." *State v. Gordon*, 9th Dist. Summit No. 30446, 2023-Ohio-2754, ¶ 12. "An evidentiary hearing * * * is not required if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Razo*,

9th Dist. Lorain No. 05CA008639, 2005-Ohio-3793, ¶ 20, quoting *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003-Ohio-1001, ¶ 12.

{¶7} "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 9. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} In moving to withdraw his plea, Mr. Manning argued that he satisfied the manifest injustice standard because he was never informed his conviction would subject him to a firearms disability, the court otherwise failed to advise him of the effect of his plea under Crim.R. 11(B), and the court never secured his waiver of counsel on the record in open court. The only item he attached to his post-sentence motion was his own affidavit. He averred that he was not told his plea would affect his gun rights and, had he known it would, he would not have entered it. He also averred that he entered his plea pro se because his former attorney, Harold Stubbs, died before he was charged. Finally, he averred that he was not guilty of domestic violence because he did not harm any family or household member. For the foregoing reasons, Mr. Manning claimed he did not knowingly, intelligently, and voluntarily enter his plea.

{¶9} More than thirty years passed between the time Mr. Manning entered his plea and the time he sought to withdraw it. The length of that delay meant the trial court and the prosecutors were entirely unfamiliar with his case. Even so, neither his motion, nor his affidavit addressed the lack of a transcript from his plea hearing. Mr. Manning made no attempt to outline the efforts he made, if any, to secure a hearing transcript or to speak with others who might have been involved in his original proceedings. Further, the file jacket from his criminal case indicated that "Patrick O. Simon" acted as his attorney. Mr. Manning did not reference Attorney Simon in his affidavit.

He claimed he acted pro se but made no attempt to explain the discrepancy between his claim and the record. Accordingly, Mr. Manning presented the trial court with limited evidence in the form of a self-serving affidavit and, in doing so, omitted critical information.

{¶10} Having reviewed the record, we cannot conclude the trial court abused its discretion when it denied Mr. Manning's post-sentence motion to withdraw. Mr. Manning's affidavit was not sufficient to demonstrate manifest injustice. *See State v. Roper*, 9th Dist. Summit No. 28965, 2019-Ohio-775, ¶ 19, quoting *State v. Croskey*, 5th Dist. Richland No. 2017 CA 0102, 2018-Ohio-2078, ¶ 17. He did not provide the trial court with a transcript from his plea hearing. He did not explain the efforts he made, if any, to secure a transcript or otherwise secure evidence from his original proceeding. Nor did he explain the discrepancy between his claim that he acted pro se and the file jacket evidence to the contrary. Mr. Manning waited more than thirty years before he sought to withdraw his plea and offered no explanation for that significant delay. *See State v. Gordon*, 9th Dist. Summit No. 25911, 2012-Ohio-902, ¶ 15 (delay of almost ten years "militate[d] against the granting [of] a motion to withdraw a plea"). Upon review, he did not meet his burden of demonstrating manifest injustice. Accordingly, the trial court acted within its sound discretion in denying his post-sentence motion to withdraw. Mr. Manning's assignments of error are overruled.

III.

{¶11} Mr. Manning's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.