[Cite as *State v. Cook*, 2011-Ohio-3526.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY


STATE OF OHIO,                                    CASE NO. 14-10-37

   PLAINTIFF-APPELLEE,

 v.

PHILLIP COOK,                                     **O P I N I O N**

   DEFENDANT-APPELLANT.


**Appeal from Union County Common Pleas Court
Trial Court No. 2009-CR-0200**

**Judgment Affirmed**

**Date of Decision:  July 18, 2011**


**APPEARANCES:**

   *Alison Boggs* **for Appellant**

   *Terry L. Hord* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Philip S. Cook ("Cook"), appeals the December 7, 2010 judgment of the Union County Court of Common Pleas overruling his motion to withdraw his guilty plea and petition for post-conviction relief.

{¶2} On October 23, 2009, the Union County Grand Jury indicted Cook on six counts of trafficking in heroin, in violation of R.C. 2925.03(A)(1),(C)(6)(b) and R.C. 2925.03(A)(1),(C)(6)(c), felonies of the third and fourth degrees; five counts of possession of heroin, in violation of R.C. 292511(A),(C)(6)(a), a felony of the fifth degree; and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923(A)(1),(B)(1), a felony of the first degree.

{¶3} On December 22, 2009, Cook pled guilty to six counts of trafficking in heroin and to one count of engaging in a pattern of corrupt activity. On February 11, 2010, Cook appeared for sentencing. At the sentencing hearing, the prosecution presented the testimony of two City of Marysville Detectives and a Federal Drug Enforcement Agent, all of whom were part of the investigation resulting in Cook's charges. On March 5, 2010, the trial court sentenced Cook to serve sixteen years and three months in prison. Cook subsequently appealed his sentence to this Court.

{¶4} On August 20, 2010, while his appeal was still pending, Cook filed a motion to withdraw his guilty plea with the trial court. As the basis for his motion, Cook stated that his guilty plea was "less than knowingly, intelligently, and

voluntarily made" due to the alleged misinformation given to him by his trial counsel about what his sentence would be if he pled guilty to some of the charges. Notably, Cook raised and fully briefed this issue on appeal, claiming that he received ineffective assistance from his trial counsel.

{¶5} On October 4, 2010, this Court issued its decision on Cook's appeal, affirming the sentence imposed by the trial court and overruling Cook's assignment of error alleging that he received ineffective assistance of counsel.

{¶6} On November 17, 2010, Cook filed a petition for post-conviction relief, alleging a violation of his constitutional rights because his trial counsel was deficient and prejudicial to his case.

{¶7} On November 23, 2010, the trial court heard Cook's testimony regarding the merits of his motion to withdraw his guilty plea and petition for post-conviction relief.

{¶8} On December 7, 2010, the trial court overruled Cook's motion and petition, specifically noting that Cook failed to demonstrate a manifest injustice. Cook subsequently appealed the trial court's decision, asserting the following assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT APPLIED THE WRONG STANDARD IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA. THE COURT ABUSED ITS DISCRETION IN MAKING ITS DECISION.**

{¶9} On appeal, Cook argues that the trial court erred in overruling his motion to withdraw his guilty plea and his petition for post-conviction relief when the only evidence before the trial court was Cook's testimony and the State presented no evidence to refute his testimony. Specifically, Cook testified regarding several conversations he had with his court-appointed attorney in the course of his representation during the trial proceedings, all of which occurred outside the record.

{¶10} At the November 23, 2010 hearing on his motion and petition, Cook testified that in these conversations, his trial counsel had assured him that he would receive a prison sentence of four years and eleven months if he pled guilty to some of the charges in the indictment. Cook explained that he refused a previous offer from the State of an eight-year sentence in exchange for his guilty plea based on his conversations with his trial counsel. Cook also maintained that he consequently decided to forego trial and plead guilty with no recommendation of sentence from the prosecution because of his trial counsel's representations to him about his potential sentence. Indeed, Cook was adamant at the hearing that he would not have pled guilty but for his trial counsel's assurances that he would only serve four years and eleven months in prison in exchange for his guilty plea.

{¶11} Cook also maintained that his trial counsel represented to him that, if he signed the plea bargain agreement, his sentencing would transpire in front of the judge with only his attorney and himself present, and that the prosecutor would

not participate in the sentencing proceedings.   Notably, the only evidence of these conversations with his trial counsel was Cook's own testimony.

{¶12}  On cross-examination, the prosecutor presented a document signed by Cook evidencing his change of plea.  Cook admitted on the stand that he understood at the time he changed his plea that he was subject to the maximum potential sentence for each of the counts.  Specifically, Cook acknowledged his apprisal of the fact that his guilty plea to a first degree felony would result in at least three years in prison up to a maximum term of ten years; that his guilty plea to a third degree felony carried a potential sentencing range of one to five years; and that his guilty plea to a fourth degree felony carried a potential sentence of six to eighteen months.

{¶13}  Cook further acknowledged that he and the State did not have any agreements in place with regard to a specific sentencing term at the time he entered his guilty plea.  Cook also admitted that based on his past experience with the criminal judicial system, he understood that the ultimate sentencing decision would be determined by the presiding judge.

{¶14} Moreover, Cook recalled that when he appeared for sentencing on February 11, 2010, the trial court informed him that he was not adequately advised of post-release control at his change of plea hearing.  Cook further recalled that after properly informing him of post-release control on the record, the trial court specifically explained to him that he had the right to withdraw his guilty plea

because post-release control was not fully addressed at his change of plea hearing. Cook also admitted that, at that time, he stated on the record that he wished to waive any right to withdraw his plea and proceed with sentencing.

1. *Petition for Post-Conviction Relief*

{¶15} As the basis for his petition, Cook argues that he detrimentally relied on the representations of his trial counsel that he would receive a sentence of four years and eleven months if he pled guilty to some of the charges listed in the indictment.

{¶16} At the outset, we note that Cook's petition for post-conviction relief is untimely because it was not filed within 180 days from the time the transcript in his direct appeal was filed with this Court as required by R.C. 2953.21(A)(2). The record demonstrates that the transcripts from these proceedings were filed with this Court on April 26, 2010. Cook did not file his petition for post-conviction relief until November 17, 2010—at which point 205 days had elapsed. Cook's counsel at the hearing on the petition characterizes the November 17, 2010 petition, as an "amendment" to his August 20, 2010 motion to withdraw his guilty plea. However, we find this argument unpersuasive because there is nothing in the August 20, 2010 motion that can be construed as a petition for post-conviction relief, or for that matter, nothing to indicate that Cook intended to file a petition for post-conviction relief at that time.

**{¶17}** Cook also fails to demonstrate that he is entitled to file his petition after the expiration of the 180 days pursuant to R.C. 2953.23(A)(1).[1] Furthermore, this Court addressed on his direct appeal the same contentions that Cook presents as the basis of his petition and found them to be without merit. Thus, the petition was res judicata. Accordingly, for these reasons, we cannot find that the trial court erred in overruling Cook's petition for post-conviction relief.

2.     *Motion to Withdraw Guilty Plea*

**{¶18}** Cook argues that because he relied on the representations of his trial counsel that he would only receive a sentence of four years and eleven months, his guilty plea was not made knowingly, intelligently and voluntarily.[2]

**{¶19}** Our review of this assignment of error begins by noting that an appellate court will not disturb a trial court's denial of a motion to withdraw a

---

[1] R.C. 2953.23(A)(1) permits the filing of a delayed petition only if both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

[2] We acknowledge that Crim.R. 32.1 arguably does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court. See, *State v. Rose*, 3rd Dist. No. 9-06-39, 2007-Ohio-1627; *State v. Allen*, 12th Dist. No. CA2006-01-001, 2006-Ohio-5990, ¶¶ 14-15; State v. Craddock, 8th Dist. No. 87582, 2006-Ohio-5915, ¶ 10; *State v. Smith*, 8th Dist. No. 82062, 2003-Ohio-3675, ¶¶ 8-9, appeal not allowed, 100 Ohio St.3d 1486, 2003-Ohio-5992; *State v. Kovacek*, 9th Dist. No 02CA008115, 2002-Ohio-7003, ¶¶ 7-8; *State v. Laster*, 2nd Dist. No. 19387, 2003-Ohio-1564, ¶ 9, appeal not allowed, 94 Ohio St.3d 1434, 2002-Ohio-5651. However, in the interests of justice we elect to proceed by addressing the assignment of error on its merits.

guilty plea absent an abuse of discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. Abuse of discretion connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Indeed, " 'the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.' " *State v. Orwick*, 153 Ohio App.3d 65, 2003-Ohio-2682, 790 N.E.2d 1238, quoting *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264.

{¶20} Criminal Rule 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion to withdraw a plea filed after a defendant is sentenced will be granted only to correct a manifest injustice with the burden of establishing the existence of a manifest injustice being placed upon the individual seeking vacation of the plea. Crim.R. 32.1; *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3rd Dist. No. 5-06-60, 2007-Ohio-4935, ¶ 12, or a " 'clear or openly unjust act,' " *State v. Walling*, 3rd Dist. No. 17-

04-12, 2005-Ohio-428, ¶ 6, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83, 1998-Ohio-271. "Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in 'extraordinary cases.' " *State v. Driskill*, 3rd Dist. Nos. 10-08-10, 10-08-11, 2009-Ohio-2100, ¶ 32, quoting *Smith*, supra.

**{¶21}** Here, Cook argues that the trial court erred in overruling his motion to withdraw his guilty plea when the only evidence before the trial court was his own testimony that he detrimentally relied on his trial counsel's representations, and this evidence was not refuted by the State. Cook further contends that the burden was on the prosecution to present Cook's trial counsel in court to challenge his testimony.

**{¶22}** Cook appears to misconstrue his burden in an action requesting a court to grant a post-sentence motion to withdraw a guilty plea. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence *has the burden of establishing the existence of manifest injustice*." *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (emphasis added). The only evidence Cook chose to present to the court in satisfaction of this burden was his own self-serving testimony about conversations that he had with his trial counsel outside of the record.

**{¶23}** It is well within the discretion of the trial court to weigh the credibility of a witness and assess whether his or her testimony is reliable. Moreover, given the fact that *nothing* in the record demonstrates his plea was not

knowingly, intelligently and voluntarily made, and the fact that a post-sentence motion to withdraw a plea is granted in only "extraordinary cases," it was perhaps incumbent on Cook to present more evidence than his self-serving statements in support of his motion. See *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (holding a "[d]efendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary"); see, also, *State v. Mull,* 11th Dist. No.2008-L-128, 2009-Ohio-3654, at ¶ 45 (stating "[g]enerally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice"). For example, there is nothing in the record to suggest that Cook did not have the ability to subpoena and call his own trial counsel to testify at the hearing.

{¶24} Accordingly, we conclude that the trial court's decision to overrule Cook's post-sentence motion to withdraw his plea on the basis that he failed to demonstrate a manifest injustice does not constitute an abuse of discretion.

{¶25} For all these reasons, Cook's assignment of error is overruled and the judgment of the Union County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jnc**