[Cite as *State v. Goodman*, 2024-Ohio-3353.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DARRELL G. GOODMAN

    Appellant

C.A. No.    2024CA0020-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2023-CR-0739

DECISION AND JOURNAL ENTRY

Dated: September 3, 2024

---

FLAGG LANZINGER, Judge.

{¶1}    Darrell Goodman appeals from the judgment of the Medina County Court of Common Pleas that denied his post-sentence motion to withdraw his guilty plea. For the following reasons, this Court affirms.

I.

{¶2}    A grand jury indicted Goodman on four counts of violating a protection order in violation of R.C. 2917.27(A)(1), and one count of telecommunications harassment in violation of R.C. 2917.21(A)(1). At his arraignment, the trial court found Goodman indigent and appointed him counsel.

{¶3}    Goodman initially pleaded not guilty. After a change-of-plea hearing before Judge William F. Hutson, Goodman (with counsel present) pleaded guilty to the charges contained in the indictment. Judge Hutson ordered a presentence investigation and set the matter for sentencing on

January 29, 2024. About three weeks prior to sentencing, Judge Hutson recused himself. The case was then assigned to Judge Joyce V. Kimbler.

{¶4} Judge Kimbler sentenced Goodman to an aggregate prison term of 30 months. After sentencing, Goodman filed a one-sentence pro se motion to withdraw his guilty plea that stated: "the Defendant withdraws his plea." The trial court held a hearing on Goodman's motion wherein Goodman was represented by new counsel.

{¶5} At the hearing, Goodman's new counsel explained that Goodman's former counsel assured Goodman that Judge Hutson would "likely" sentence him to community control. Goodman then spoke on his own behalf, stating that his former counsel told him that Judge Hutson would "probably" sentence him to community control. Goodman also stated that, based upon his former counsel's assurances, he presumed Judge Hutson would sentence him to community control when he pleaded guilty.

{¶6} After hearing from Goodman and his new counsel, the trial court denied Goodman's motion to withdraw his guilty plea. In its subsequent judgment entry, the trial court noted that "[i]t appears that Defendant's motion is merely based on what his counsel informed him the 'likely' sentence would be, and what he 'probably' would get." The trial court concluded that Goodman failed to present evidence demonstrating that he suffered a manifest injustice that would warrant a post-sentence withdrawal of his guilty plea. Goodman now appeals the trial court's judgment, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE DEFENDANT'S POST-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶7} In his assignment of error, Goodman argues that the trial court erred when it denied his post-sentence motion to withdraw his guilty plea. This Court disagrees.

{¶8} Crim.R. 32.1 governs the withdrawal of a guilty plea, providing that:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

As the Ohio Supreme Court has explained, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Straley*, 2019-Ohio-5206, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "A 'manifest injustice' is a 'clear or openly unjust act,' . . . and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice . . . ." *Straley* at ¶ 14. "A post-sentence withdrawal of a plea is only permissible under extraordinary cases . . . ." *State v. Gordon*, 2023-Ohio-2754, ¶ 12 (9th Dist.).

{¶9} "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. Manning*, 2024-Ohio-1964, ¶ 7 (9th Dist.), quoting *State v. Robinson*, 2016-Ohio-8444, ¶ 9 (9th Dist.). "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Manning* at ¶ 7, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} Here, Goodman argues that extraordinary circumstances existed that warranted a post-sentence withdrawal of his guilty plea. Goodman argues that "he had certain beliefs and impressions about his sentence when his case was before Judge Hutson[,]" and that he reasonably believed Judge Hutson's sentence "might be favorable and possibly include probation . . . ." Goodman argues that he did not know Judge Hutson was later going to recuse himself, and that he

was put at a "huge disadvantage" by being sentenced by a different judge who—according to Goodman—was unfamiliar with the case.

{¶11}  Goodman's arguments lack merit.  At the change-of-plea hearing, Judge Hutson advised Goodman of the maximum penalties (including prison time) and confirmed with Goodman that no one had promised him anything in exchange for his guilty plea.  The record reflects that the State agreed to defer to the trial court on sentencing, and that there was no recommended sentence.  Even if there had been, a trial court is not required to impose a recommended sentence. *State v. Netter*, 2024-Ohio-1068, ¶ 39 (4th Dist.), quoting *State v. Link*, 2022-Ohio-2067, ¶ 54 (5th Dist.) ("A 'recommended' sentence is 'a nonbinding recommendation to the court, which the court is not required to accept or comment on.'").

{¶12}  Additionally, other than Goodman's statements at the hearing on his motion to withdraw his guilty plea, there is no indication in the record that Goodman's former counsel assured him he would receive community control.  *See State v. Ford*, 2011-Ohio-3527, ¶ 18-24 (3d Dist.) (holding that the defendant's testimony that he pleaded guilty because his trial counsel assured him that he would receive a certain sentence did not amount to a manifest injustice that warranted a post-sentence withdrawal of his plea); *State v. Cook*, 2011-Ohio-3526, ¶ 18-24 (3d Dist.) (same).  According to Goodman's own statements, his former counsel simply informed him that he would "probably" get community control.  Counsel's incorrect prediction as to a defendant's sentence, standing alone, does not constitute a manifest injustice.  *State v. Dunlap*, 2020-Ohio-4375, ¶ 26 (5th Dist.) ("[A]ccording to the overwhelming weight of authority, the bare assertion of the attorney's prediction of the sentence does not, in and of itself, constitute manifest injustice.").

{¶13} Moreover, despite Goodman's argument to the contrary, this Court's review of the sentencing transcript indicates that the sentencing judge (Judge Kimbler) was familiar with the facts of the case. Prior to sentencing, the sentencing judge heard from the victim about the effect Goodman's actions had on her and her family. The sentencing judge also heard from Goodman, who asked for community control instead of prison time, explaining that he was just "asking for a shot."

{¶14} The sentencing judge explained that Goodman had "been given multiple shots[,]" and that "[n]obody could be given any more opportunities than [Goodman had] been given throughout the years . . . ." The sentencing judge then summarized some of Goodman's criminal history, including harassing the victim while on parole, violating bond, and having an outstanding misdemeanor warrant and a new felony indictment. The sentencing judge indicated that the only way to convey the seriousness of the underlying offenses to Goodman was to impose a prison sentence.

{¶15} Simply put, Goodman has not established that this is an extraordinary case where a manifest injustice occurred that would warrant a post-sentence withdrawal of his guilty plea. *Straley*, 2019-Ohio-5206, ¶ 14. Accordingly, this Court concludes that the trial court did not abuse its discretion when it denied Goodman's post-sentence motion to withdraw his guilty plea. Goodman's assignment of error is overruled.

III.

{¶16} Goodman's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL J. GOEBL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.