[Cite as *State v. Jennings*, 2024-Ohio-4775.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TREVONTAY JENNINGS

    Appellant

C.A. No.    31122

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2019-07-2347
              CR 2022-02-0373
              CR-2022-05-1760
              CR-2022-12-4489

DECISION AND JOURNAL ENTRY

Dated: October 2, 2024

HENSAL, Judge.

{¶1}    Trevontay Jennings appeals his convictions by the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    Just before trial was set to begin in his four cases, Mr. Jennings agreed to a plea deal that the State had just offered and said would expire in 10 minutes. The trial court accepted Mr. Jennings' plea and sentenced him to a total of 11 to 16.5 years imprisonment. Mr. Jennings moved to vacate one of the convictions, which the trial court denied after construing Mr. Jennings' motion as a motion to withdraw his plea. Mr. Jennings has appealed, assigning as error that it was a manifest injustice to limit his time to consider the plea deal.

II.

ASSIGNMENT OF ERROR

THE STATE CAUSED A MANIFEST INJUSTICE BY LIMITING THE APPELLANT TO ONLY TEN (10) MINUTES TO FULLY UNDERSTAND, COMPREHENSIVELY CONSIDER, AND AGREE TO THE RULE 11 OFFER.

{¶3} Mr. Jennings argues that his plea was invalid because he did not enter it knowingly, intelligently, and voluntarily. He argues that he was only offered ten minutes to discuss the complicated offer, which involved 22 charges and four specifications between four separate cases. His attorney could spend no more than 30 seconds on each count, which was barely enough time to discuss the maximum sentence associated with each charge, let alone any other risks and benefits. He, therefore, argues that the trial court should have vacated his plea because of manifest injustice.

{¶4} The withdrawal of a guilty plea is governed by Criminal Rule 32.1. In relevant part, it provides that, "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *Id.* "A 'manifest injustice' is a 'clear or openly unjust act,'. . . and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice . . . ." *State v. Goodman*, 2024-Ohio-3353, ¶ 8 (9th Dist.), quoting *State v. Straley*, 2019-Ohio-5206, ¶ 14. "A post-sentence withdrawal of a plea is only permissible under extraordinary cases . . . ." *Id.*, quoting *State v. Gordon*, 2023-Ohio-2754, ¶ 12 (9th Dist.). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Id.* at ¶ 9.

{¶5} Mr. Jennings' argument focuses on whether his plea could be knowing, intelligent, and voluntary considering the limited time he was given to review the State's plea offer. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and

voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Rule 11(C) "governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 2008-Ohio-5200, ¶ 8. It provides that a court "shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

Crim.R. 11(C).

{¶6} Mr. Jennings has not argued that the trial court failed to comply with Rule 11(C), and the record establishes that the court reviewed all the necessary issues with him. In particular, it verified that Mr. Jennings "had an adequate amount of time to talk with [his attorney]," that he was satisfied with his attorney's representation, that he understood "the charges against [him] and what [he was] accused of doing[,]" and that he understood "the potential penalties that could be imposed . . . ."

{¶7} In his motion to vacate, Mr. Jennings argued that his trial counsel had been ineffective, that he was denied a speedy trial, that his arrest was improper, that there was an

improper search and seizure, that he was denied counsel for six months, that his bond should not have been revoked, that some proceedings occurred in his absence, that he was denied discovery, that the State failed to provide him *Brady* material, and that the Reagan Tokes Law was unconstitutional. Regarding his plea, he argued that there was a plea-bargaining error because he only had ten minutes to choose between an 11-year and 14-year minimum sentence. Mr. Jennings submitted an affidavit in support of his motion, which asserted that his previous attorneys had not told him about any plea offers. It also asserted that he did not understand why his sentence was so long because the prosecutor said that she was offering 11 years after previously offering 14, and that the new offer would be retracted if he delayed the trial by hiring a different attorney.

{¶8}    The trial court noted that Mr. Jennings' motion contained only one sentence that related to the plea hearing and that it alleged that he had ten minutes to choose between an 11- or 14-year minimum sentence. It also found that his affidavit did not contain any statements related to that allegation. Considering Mr. Jennings' answers during the plea colloquy that he had adequate time to talk to his attorney, to have his questions answered by his attorney, and that he was satisfied with his attorney's advice, the court found no reason to allow Mr. Jennings to withdraw his plea.

{¶9}    Upon review of the record, we agree that Mr. Jennings failed to establish in his motion to vacate that his plea was not knowing, intelligent, or voluntary and that he should be allowed to withdraw his plea to correct manifest injustice. The trial court, therefore, did not exercise improper discretion when it denied his motion. Mr. Jennings' assignment of error is overruled.

III.

{¶10}  Mr. Jennings' assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.