[Cite as *State v. Johnson*, 2025-Ohio-2719.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

NATHANIEL JOHNSON

    Appellant

C.A. Nos.     23AP0022
               24AP0011

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2022 CRC-I 000144

DECISION AND JOURNAL ENTRY

Dated: August 4, 2025

HENSAL, Judge.

{¶1} Nathaniel Johnson appeals his convictions and sentence for rape by the Wayne County Court of Common Pleas as well as the denial of his motion to withdraw guilty plea. For the following reasons, this Court affirms.

I.

{¶2} After Mr. Johnson pleaded guilty to six counts of rape, the trial court sentenced him to a total of 25 years to life in prison. Mr. Johnson has appealed, assigning as error that the trial court incorrectly accepted his plea and incorrectly imposed consecutive sentences.

{¶3} Several months later, Mr. Johnson moved to withdraw his guilty plea. At Mr. Johnson's request, this Court remanded his case to the trial court so that it could rule on his motion. Following a hearing, the trial court denied the motion. Mr. Johnson has also appealed the denial of his motion to withdraw guilty plea, assigning as error that the trial court incorrectly denied his

motion and that the trial judge should have disqualified himself. We will address the assignments of error concerning Mr. Johnson's direct appeal first.

## II.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT'S ACCEPTANCE OF A GUILTY PLEA WHEN SUCH A PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY VIOLATES . . . DUE PROCESS AND IS THEREFORE UNCONSTITUTIONAL.

{¶4} In his third assignment of error, Mr. Johnson argues that the trial court incorrectly accepted his guilty plea. Under Criminal Rule 11(C)(2), a trial court "shall not accept a plea of guilty" without determining that the defendant is making the plea voluntarily with an understanding of the nature of the charges and maximum penalty involved, informing the defendant of and determining that the defendant understands the effect of the plea and that the court may proceed with judgment and sentence, and informing the defendant of and determining that he understands that by pleading guilty, he is waiving certain rights. Those rights are the right to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, to require the state to prove his guilt beyond a reasonable doubt, and that he cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c).

{¶5} Mr. Johnson argues that he was not advised that he could have his case tried to the bench. He does not indicate which provision of Rule 11(C)(2) provides that right, however, or any case law that recognizes that such a right exists. On the contrary, this Court has determined that Rule 11 does not require the trial court to advise a defendant that a plea waives the right to a bench trial. *State v. Brown*, 2010-Ohio-2328, ¶ 17 (9th Dist.). We, therefore, conclude that Mr. Johnson has failed to establish that the trial court erred when it accepted his guilty plea. *See State v. Cook*,

2002-Ohio-2646, ¶ 27 (9th Dist.) (providing that a defendant has "the burden of affirmatively demonstrating error on appeal."). Mr. Johnson's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS IMPROPER.

{¶6} In his fourth assignment of error, Mr. Johnson argues that the trial court erred when it ordered some of his sentences to run consecutively. Mr. Johnson does not provide any citation to the statutes governing the imposition of consecutive sentences but merely notes that he had no prior history of committing the offense, that he was respectful to his attorney, and that he has mental health and alcohol issues that need assistance.

{¶7} Revised Code Section 2929.14(C)(4) provides that the trial court may require an offender to serve prison terms consecutively if it "finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . . ." The court must also make one of three additional findings. R.C. 2929.14(C)(4)(a-c). An appellate court may vacate a sentence and remand the matter for resentencing if it "clearly and convincingly finds" that the "record does not support the sentencing court's findings under" Section 2929.14(C)(4). R.C. 2953.08(G)(2)(a).

{¶8} The State notes that, under Section 2953.08(D), a sentence may not be reviewed if it is authorized by law, was recommended jointly by the parties, and imposed by the sentencing judge, which is what happened in this case. Even if Mr. Johnson's sentence could be reviewed, we note that the trial court made all the findings required to impose consecutive sentences under Section 2929.14(C)(4) at the sentencing hearing. Mr. Johnson's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT THE OPPORTUNITY [TO] WITHDRAW HIS PLEA DUE TO INEFFECTIVENESS OF COUNSEL.

{¶9}  In his first assignment of error, Mr. Johnson argues that the trial court incorrectly denied his motion to withdraw his guilty plea.  Criminal Rule 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  In this case, Mr. Johnson did not move to withdraw his plea until after sentencing.  "A 'manifest injustice' is a 'clear or openly unjust act,' . . . and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice . . . ." (Alterations in original.)  *State v. Goodman*, 2024-Ohio-3353, ¶ 8 (9th Dist.), quoting *State v. Straley*, 2019-Ohio-5206, ¶ 14.  "A post-sentence withdrawal of a plea is only permissible under extraordinary cases . . . ."  *Id*., quoting *State v. Gordon*, 2023-Ohio-2754, ¶ 12 (9th Dist.).  We review the denial of a motion to withdraw a guilty plea for abuse of discretion.  *Id*. at ¶ 9.

{¶10}  Mr. Johnson argues that his motion raised concerns about whether his trial counsel was competent and, therefore, whether he entered his plea knowingly, intelligently, and voluntarily.  He argues that his motion did not reflect a simple change of heart but expressed a belief that his counsel failed to properly prepare for trial.  He also argues that it was his trial counsel who advised him to state that he was satisfied with his representation at the plea hearing.  Mr. Johnson testified at the hearing on his motion that his counsel failed to show him all the evidence, including the video statements of the victims.  He also testified that his counsel failed to advise him about ways that he could challenge the evidence, that he could have court-appointed experts review the evidence, and his ability to seek suppression of the evidence.  According to Mr.

Johnson, his counsel told him how he should answer questions at the plea hearing so that the answers would not cause problems with the trial judge. Mr. Johnson argues that his trial counsel pushed him toward a plea deal because he had failed to prepare for trial and that his counsel failed to advise him of alternatives, such as requesting a continuance or new counsel. Mr. Johnson further argues that his trial counsel incorrectly advised him that the plea deal he accepted was the only way he could avoid a sentence of life imprisonment without parole.

{¶11} In its judgment entry, the trial court reviewed these arguments, as well as others that Mr. Johnson made in his motion and at the hearing. The court also reviewed the plea colloquy, noting the answers Mr. Johnson gave at that time. The court found that Mr. Johnson had been given multiple opportunities to express concerns about the way the case was proceeding and the performance of his counsel. The court also found that Mr. Johnson acknowledged that he knew he could withdraw his plea before the sentencing hearing but did not express any concerns about his plea when he was being sentenced. It, therefore, determined that Mr. Johnson's testimony was not credible and, consequently, that he failed to demonstrate that the withdrawal of his plea was necessary to correct a manifest injustice.

{¶12} The record establishes that the court provided Mr. Johnson with a full hearing on his motion to withdraw guilty plea and that Mr. Johnson was represented by counsel at that hearing. The trial court's journal entry establishes that the court closely and thoroughly reviewed Mr. Johnson's arguments. Upon review of the record, we conclude that Mr. Johnson has not established that the trial court exercised its discretion improperly when it denied his motion to withdraw his guilty plea. Mr. Johnson's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT WITHDRAWING AND HEARING THE MOTION TO WITHDRAW PLEA BECAUSE THE

TRIAL COURT'S IMPARTIALITY WAS REASONABLY IN QUESTION AS THE TRIAL COURT HAD PERSONAL KNOWLEDGE OF THE FACTS THAT WERE IN DISPUTE AND WAS LIKELY AND SHOULD HAVE BEEN A MATERIAL WITNESS IN THE PROCEEDING.

{¶13} In his second assignment of error, Mr. Johnson argues that the trial court's denial of his motion to withdraw his plea should be vacated because the judge who decided the motion should have disqualified himself. He contends that the court had personal knowledge of conversations between itself and trial counsel and that his counsel should have subpoenaed the judge to substantiate his claims. Mr. Johnson also argues that his counsel for the motion to withdraw was ineffective for failing to call the judge as a witness and for failing to move for disqualification. Mr. Johnson further argues that these defects in the proceedings qualify as plain error under Criminal Rule 52(B).

{¶14} Rule 2.11(A) of the Code of Judicial Conduct provides that "[a] judge shall disqualify himself . . . in any proceeding in which the judge's *impartiality* might reasonably be questioned . . . ." (Emphasis in original). This includes if the judge has "personal *knowledge* of facts that are in dispute in the proceeding." (Emphasis in original.) Jud.Cond.R. 2.11(A)(1). Criminal Rule 52(B) permits this Court to notice plain errors or defects that affected a substantial right in the absence of an objection in the trial court. "As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error." *State v. Veal*, 2012-Ohio-3555, ¶ 18 (9th Dist.).

{¶15} At the hearing on the motion to withdraw, Mr. Johnson testified that his trial counsel told him that the trial judge had told his counsel that, if he did not take the plea deal of 25 years to life imprisonment, the judge would sentence him to life imprisonment, even though he

had not seen any of the case documents yet.  Mr. Johnson, therefore, said that he felt compelled to accept the plea deal.  The court interrupted the proceeding to notify counsel that it felt like Mr. Johnson was making allegations against him and that he did not want to preside over the hearing if Mr. Johnson was going to accuse him of making such a statement or in case Mr. Johnson's trial counsel testified that he never made such a statement to Mr. Johnson.  In response, Mr. Johnson's counsel for the motion to withdraw noted that, at the plea colloquy, the court advised Mr. Johnson that, even if there was a joint agreement about the sentence, the court was free to reject it.  The judge, however, advised that, if either of the parties needed to call him as a witness, he would recuse himself and the parties could then call him as a witness.  Neither party indicated it was necessary, and Mr. Johnson's counsel moved on to a different area of questioning thereafter.

{¶16}  This Court's "review on appeal is limited to those materials in the record before the trial court."  *State v. McDory*, 2003-Ohio-6816, ¶ 34 (9th Dist.).  Mr. Johnson's argument, including his contention of ineffective assistance of trial counsel, rests on testimony that his trial counsel might have given at the motion hearing, if he had been called.   Upon review of the record that is before this Court, we conclude that Mr. Johnson has not established plain error.  Mr. Johnson's second assignment of error is overruled.

III.

{¶17}  Mr. Johnson's assignments of error are overruled.  The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JENNIFER HENSAL
FOR THE COURT

 

 

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

 

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and, JOSEPH F. SALZGEBER, Assistant Prosecuting Attorney, for Appellee.